UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOROTHY BRUCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN MODERN SELECT<br>INSURANCE CO.,<br><br>　　　　　　Defendant. | Case No. 2:13-cv-01332-MMD-NJK<br><br>ORDER<br><br>(Plf.'s Motion to Remand – dkt. no. 8;<br>Def.'s Response to Order to Show Cause –<br>dkt. no. 12) |

## I.　INTRODUCTION

This case comes before this Court through Defendant American Modern Select Insurance Company's Petition for Removal. (Dkt. no. 1.) Plaintiff Dorothy Bruce filed this action on June 18, 2013, in the Fifth Judicial District Court in Nye County, Nevada, after Defendant, her homeowners insurance policy provider, failed to compensate her for damage resulting from a broken water line underneath her home. (*See id.* at 11.) Plaintiff alleges breach of contract, breach of the implied covenant of good faith and fair dealing, "violation of Nevada insurance trade practices," refusal to pay insurance benefits, and punitive damages. (*Id.* at 13–14.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. On July 30, 2013, after a review of the petition, the Court ordered Defendant to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 7.) On August 8, 2013, Plaintiff filed a Motion to Remand to State Court. (Dkt. no. 8.) On

August 13, 2013, Defendant timely filed its response to the Motion to Remand as well as its response to the Court's Order. (Dkt. nos. 11, 12.) Having reviewed the briefing on Plaintiff's Motion and Defendant's response to the Order to Show Cause, the Court orders that the case be remanded to state court.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

///

2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

## III. DISCUSSION

Defendant claims that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendant's arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

Plaintiff asserts that she has paid just over $10,000 in repairs to her home as a result of the water damage caused by the broken water line. (Dkt. no. 8 at 2.) She adds that additional repairs to the property and foundation may be necessary. (*Id.*) Defendant states that Plaintiff submitted to it a preliminary estimate and proposal for repairs to her home totaling approximately $24,000. (Dkt. no. 11 at 1.) In order to reach the $75,000 amount in controversy requirement, therefore, Defendant must show that Plaintiff is claiming over $51,000 in special and punitive damages. Defendant's sole argument is that Plaintiff could be entitled to a large punitive damage award, particularly because if bad faith were found the punitive damage award would not be capped. (*See* dkt. nos. 11 at 2, 12 at 2.) Defendant does not reference any facts in this case that could establish support for a high punitive damage award, however. In fact, the case Defendant cites in support of its punitive damages argument, *Ruggieri v. Hartford Ins. Co. of the Midwest*,

2:13-cv-00071, 2013 WL 2896967 (D. Nev. June 12, 2013), involved this Court finding the amount in controversy requirement satisfied when nearly $59,000 in actual damages were undisputed, compared to the nearly $24,000 here.

Defendant must overcome a "strong presumption" against removal jurisdiction. See Gaus, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendant has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear these claims.

## IV. CONCLUSION

It is hereby ordered that Plaintiff's Motion to Remand (dkt. no. 8) is granted.

It is therefore ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 21st day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE